IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARL E. SANDERS (Dallas County Jail No. 14019012), Plaintiff, V. DALLAS COUNTY SHERIFF DEPARTMENT, ET AL., Defendants. | § § § § § § § § § § § § | No. 3:14-cv-2039-L-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and an order of reference from the District Court. For the reasons stated herein, the complaint should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

**Background**

On June 5, 2014, Plaintiff filed the instant complaint challenging the propriety of his extradition to Wisconsin in 2013. *See* Dkt. No. 3 at 4. On June 12, 2014, the Court entered an order granting Plaintiff's motion for leave to proceed *in forma pauperis*. *See* Dkt. No. 5. The order was returned to the Clerk of Court on June 19, 2014 as undeliverable. *See* Dkt No. 6. Stamped on the front of the envelope are the words "RETURN TO SENDER … NOT IN DALLAS COUNTY JAIL." *See* id. Review

of the docket sheet reveals that Plaintiff has failed to provide the Court with his current address.

## Legal Standards

A district court has authority to dismiss a case *sua sponte* for want of prosecution. *See* FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

## Analysis

On the day he filed his complaint, the Clerk of Court provided Plaintiff with "Instructions to a Prisoner *Pro Se* Plaintiff." *See* Dkt. No. 2. The instructions state, in pertinent part:

> **Address Change** - You must notify the Court if your address changes, or your case may be dismissed. Promptly file a written change of address notice in your case.

*See id.* Plaintiff's current address is necessary for this case to continue. The inability to proceed with this litigation is directly attributable to Plaintiff's failure to update

the Court with his current address. Dismissal is warranted under these circumstances. *See Hall v. Ellis County Jail*, No. 3:01-cv-566-M, 2001 WL 770996, at *1 (N.D. Tex. June 28, 2001) (dismissing for want of prosecution where an order was returned to the court because plaintiff had not advised the court of his current address (citing *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988))).

## Recommendation

Because Plaintiff's address is unknown, the Court should dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

If Plaintiff updates his address within 14 days of the date of this recommendation, the Court should refer the case back to the undersigned magistrate judge for further review.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

-3-

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 20, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE