IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CARL E. SANDERS                  §
(TDCJ No. 1932419),              §
                                 §
            Plaintiff,           §
                                 §
V.                               §          No. 3:14-cv-2039-L-BN
                                 §
DALLAS SHERIFF'S          ,      §
DEPARTMENT, ET AL.,              §
                                 §
            Defendants.          §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States Magistrate Judge for pretrial management pursuant to 28 U.S.C. § 636(b). The undersigned now issues the following findings of fact, conclusions of law, and recommendation.

## Background

Plaintiff Carl E. Sanders, currently in the custody of the Texas Department of Criminal Justice and proceeding *in forma pauperis*, *see* Dkt. No. 5, has filed a complaint under 42 U.S.C. § 1983 concerning his extraction from a jail cell by an unidentified officer at the Dallas County Jail and his subsequent extradition to Wisconsin. *See* Dkt. No. 3. The Court sent written interrogatories to Plaintiff to obtain additional information about the factual basis of this suit. *See* Dkt. No. 12. Plaintiff answered the interrogatories on September 23, 2014. *See* Dkt. No. 15.

In his complaint and interrogatory responses, Plaintiff alleges that, on August 31, 2013, when he refused to exit a cell – to board a van to transport him to Wisconsin

on an extradition warrant – an unidentified officer at the Dallas County Jail grabbed his left arm, pulling his shoulder, which tore a tendon in his bicep. *See id.* at 2-3, 7-8. Plaintiff alleges that the authority to transport him from Dallas to Wisconsin had expired, which is why, he further alleges, he refused to exit the cell. *See* Dkt. No. 3 at 4; Dkt. No. 15 at 2-3, 7-8.

Plaintiff also claims that Prison Transport Corp., charged with transporting him to Wisconsin, violated his civil rights (1) by transporting him one day after the paperwork allegedly expired, *see* Dkt. No. 15 at 10, 13, 17, and (2) through the conditions in which he was transported where Plaintiff states that he informed the officer driving that he was in terrible pain from his existing shoulder/arm injury and that he received nothing for the pain, *see id.* at 19.

Plaintiff seeks $5,000,000.00 in compensation. *See id.* at 5.

The undersigned has screened Plaintiff's claims for excessive force, wrongful extradition, and deliberate indifference and now concludes that the wrongful extradition and deliberate indifference claims should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). But the excessive force claim should be permitted to proceed.

## Legal Standards

A district court is required to screen a civil action brought by a prisoner seeking relief from a governmental entity or employee. *See* 28 U.S.C. § 1915A(a). On initial screening, the Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, that:

(1) is frivolous, malicious, or fails to state a claim upon which relief may

be granted; or
(2) seeks monetary relief from a defendant who is immune from such
relief.

*Id.* § 1915A(b).

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). A complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

To state a claim on which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The court must "accept all well-pleaded facts as

true, viewing them in the light most favorable to" Plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while a court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

## Analysis

<u>Excessive Force</u>

Although Plaintiff is currently in state custody for a 2014 drug conviction in Dallas County, based on his complaint and interrogatory responses in this action, it appears that, in August 2013, Plaintiff was a pretrial detainee at the Dallas County Jail, awaiting extradition to Wisconsin to face charges. Thus, as a then-pretrial detainee, his constitutional rights "flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment." *Kitchen v. Dallas Cnty., Tex.*, 759 F.3d 468, 477 (5th Cir. 2014) (quoting *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc)). And "where a pretrial detainee is allegedly the victim of a detention officer's use of excessive force," as Plaintiff alleges, "such a claim is subject to the same analysis as a convicted prisoner's claim for use of excessive force under the Eighth Amendment." *Id.* (citing *Valencia v. Wiggins*, 981 F.2d 1440, 1446 (5th Cir.

1993); other citations omitted).

To succeed on an excessive force claim, a plaintiff bears the burden of showing: "(1) an injury (2) which resulted directly and only from the use of force that was clearly excessive to the need and (3) the force used was objectively unreasonable." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 740 (5th Cir. 2000). Under this standard, a prisoner must show that the force used against him by detention authorities was applied maliciously and sadistically with the intent to cause harm and not in a good faith effort to maintain institutional security. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *accord Kitchen*, 759 F.3d at 477.

While Plaintiff admits that he was "in the cell refusing to come out," Dkt. No. 15 at 2, Plaintiff also alleges that the force used by the unnamed officer, to remove Plaintiff from the cell, was enough to tear a tendon in Plaintiff's bicep, *see id.* Taking Plaintiff's allegations as true, for purposes of Section 1915A screening, Plaintiff has alleged enough to allow the excessive force claim to proceed. *See, e.g.*, *Busby v. Dallas Cnty. Sheriff's Dep't*, No. 3:12-cv-3631-D, 2013 WL 5824077, at *3 (N.D. Tex. Oct. 30, 2013) ("Plaintiff alleges that an officer approached him from behind, grabbed his arm and wrist, and twisted it without provocation. As a result of this alleged use of excessive force, Plaintiff sustained a broken wrist. These allegations are generally sufficient to avoid dismissal on initial screening." (record citations omitted)).

That Plaintiff is unable to identify a "John Doe" defendant, moreover, does not mean his claim should be prevented from proceeding at this stage. *See id.* at *2 ("Summary dismissal is not proper where the failure of a Plaintiff to identify a 'John

Doe' defendant is not the result of contumaciousness or an attempt to delay the proceedings and the defendant's identity may be revealed through discovery." (citing *Cowart v. Dallas Cnty. Jail*, 439 F. App' x 332, 333 (5th Cir. Aug. 24, 2011) (per curiam); *Murphy v. Kellar*, 950 F.2d 290, 293 (5th Cir. 1992) (summary dismissal is not appropriate where "[i]t is conceivable that, if [plaintiff] were allowed to conduct discovery, [he] would be able to adequately identify" an unnamed defendant))).

Wrongful Extradition

Plaintiff also appears to allege that his extradition to Wisconsin was wrongful because, he claims, Dallas County Magistrate Hal Turley arraigned him on August 20, 2013 and gave Wisconsin officials until August 30, 2013 "to pick [him] up." Dkt. No. 3 at 4. Thus, Plaintiff alleges that being picked up one day late, on August 31, 2013, violated his rights. *See id.*

"Although there is a federal right to challenge extradition, and denial of that right can be the basis of a claim under 42 U.S.C. § 1983, challenges to extradition must be made by petition for a writ of habeas corpus where the permissible scope of the challenge is very narrow." *Good v. Allain*, 823 F.2d 64, 67 (5th Cir. 1987) (citing *Grumley v. Snead*, 620 F.2d 481, 483 (5th Cir. 1980)); *accord Edwards v. Bowles*,115 F. App'x 208, 208 (5th Cir. Dec. 15, 2004) (per curiam). Any Section 1983 challenge is, moreover, subject to *Heck v. Humphrey*, 512 U.S. 477 (1994), under which a Section 1983 suit for damages "must be dismissed when the plaintiff is attacking the validity of his confinement and has not shown that the judgment against him has been overturned." *Rose v. Texas Bd. of Pardons & Paroles*, Civil Action No. V-06-050, 2008

WL 2697340, at *1 (S.D. Tex. July 2, 2008) (citing *Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir. 2000) (Section 1983 challenges to extradition procedures are barred by *Heck* where a plaintiff fails to prove his detention has been invalidated)); *see also Logan v. Texas*, No. 3:11-CV-998-P, 2011 WL 2881560, at *2 (N.D. Tex. June 29, 2011), *rec. adopted*, 2011 WL 2883324 (N.D. Tex. July 15, 2011) (a plaintiff's claim "that is extradition has been unlawfully conducted ... necessarily impl[ies] the invalidity of [his] confinement," and where that confinement "has not been declared invalid[,] ... no § 1983 cause of action has yet accrued and [the claim] should be dismissed with prejudice until the *Heck* conditions are met" (citation omitted)).

Here, Plaintiff has neither alleged that he has challenged his underlying Wisconsin conviction nor has he alleged that the Wisconsin conviction is, in fact, invalid. *See* Dkt. No. 15 at 16-17 (with regard to his extradition claim, Plaintiff states, "No, I am not saying I was wrongfully arrested...."). Thus, any claim for wrongful extradition is due to be summarily dismissed.

Deliberate Indifference

According to Plaintiff, the conditions of his transport to Wisconsin exacerbated his preexisting injury. *See id.* at 19 (alleging that Plaintiff informed the transporting officer that he was in terrible pain and that the officer did nothing to address this).

To establish a violation of the Eighth Amendment's deliberate indifferent standard, a plaintiff must show that officials actbed with deliberate indifference such as to cause the "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This, in turn, requires proof that a state actor was subjectively aware

-7-

of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *See Hare*, 74 F.3d at 648 (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). Delay in providing medical care does not rise to the level of a constitutional violation unless the delay results in substantial harm. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.1993). Nor does an incorrect diagnosis, disagreement with medical treatment, or the failure to provide additional medical treatment constitute deliberate indifference. *See Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001); *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). Rather, a plaintiff must show that officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

Under this standard, Plaintiff "is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement, for, '[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.'" *Sever v. CEO of Prisoner Transport Servs.*, No. 7:10CV00406, 2010 WL 4824682, at *4 (W.D. Va. Nov. 22, 2010) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

The plaintiff in *Sever*, like Plaintiff here, complained about the conditions of a van trip. *See id.* at *2 (Sever "alleges that the defendants acted with deliberate indifference to the fact that the living conditions in the van during the ten-day trip were cruel and unusual, particularly considering [his] preexisting back injury and their

-8-

failure to have his injuries medically assessed."). And, there, the court found the plaintiff did "not allege facts on which he could prove [he suffered] any significant injury as a result of the challenged living conditions." *Id.* at *4.

Here, Plaintiff, too, has not shown that, because of the conditions of the van trip to Wisconsin, "he has sustained a serious or significant mental or physical injury." *Id.*

Accordingly, the deliberate indifference claim also should also be summarily dismissed. *Cf. Worthington v. County of Northampton*, Civil Action No. 13-6292, 2013 WL 6077438, at *1 (E.D. Pa. Nov. 18, 2013) ("Neither the Constitution nor any federal statute guarantees a prisoner's right to non-negligent driving by government employees or agents. Such claims are cognizable under state tort law, not § 1983. In other words, negligent conduct by a person acting under color of state law that causes unintended injury to an inmate does not amount to a constitutional violation, giving rise to a claim brought pursuant to § 1983." (citations omitted)).

## Recommendation

Plaintiff's claims of wrongful extradition and deliberate indifference should be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1). But his excessive force claim against the unnamed officer(s) at the Dallas County Jail should be permitted to proceed and be recommitted to the undersigned magistrate judge for further screening.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be

specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 29, 2014

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE