IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CARL E. SANDERS, #1932419,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:14-CV-2039-L** |
| | § | |
| **DALLAS SHERIFF'S** | § | |
| **DEPARTMENT AND AMERICA** | § | |
| **PRISON TRANSPORT CORP.,** | § | |
| | § | |
| Defendants. | § | |

## ORDER

Plaintiff Carl E. Sanders ("Plaintiff"), a prisoner who is currently in the custody of the Texas Department of Criminal Justice, brought this action, pursuant to 42 U.S.C. § 1983, against Defendants Dallas County Sheriff's Department and America Prison Transport Corporation asserting claims for wrongful extradition, deliberate indifference, and excessive force in connection with his extradition to Wisconsin. In response to the magistrate judge's questionnaire, Plaintiff clarified that his excessive force claim is against certain unnamed individual officers at the Dallas County Jail, who have not been named as parties in this lawsuit as Doe defendants.

The case was referred for screening to Magistrate Judge David L. Horan, who entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on October 29, 2014, recommending that the court dismiss with prejudice Plaintiff's claims for wrongful extradition and deliberate indifference pursuant to 28 U.S.C. § 1915A(b)(1).   The magistrate judge further recommended that Plaintiff's remaining excessive force claim against the

unnamed officers at the Dallas County Jail be permitted to proceed and be recommitted to the magistrate judge for further screening.  No objections to the Report were filed.

Having reviewed the pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court.  In addition to the reasons set forth in the Report as to the dismissal of Plaintiff's claims against the Dallas County Sheriff's Department, the court also determines that dismissal as to this Defendant is appropriate because it has no jural existence and therefore does not have the capacity to sue or be sued.  *Wilson v. Dallas Cnty.*, No. 3:11-CV-879-L, 2014 WL 4261951, at *6 (N.D. Tex. Aug. 29, 2014).  Accordingly, the court **dismisses with prejudice** Plaintiff's wrongful extradition and deliberate indifference claims against Defendants Dallas County Sheriff's Department and America Prison Transport Corporation pursuant to 28 U.S.C. § 1915A(b)(1). The court expressly determines, pursuant to Federal Rule of Civil Procedure 54(b), that there is no just reason to delay the entry of final judgment in this case as to these Defendants and **directs** the clerk of the court to enter the final judgment as to these Defendants.  Further, as recommended by the magistrate judge, the court determines that Plaintiff's remaining excessive force claim against the unnamed officers at the Dallas County Jail should be allowed to proceed and **recommits** this case and claim to the magistrate judge for further screening.

The court prospectively **certifies** that any appeal in this action regarding the matters set forth in this order would not be taken in good faith and **denies** a certificate of appealability.  *See* 28 U.S.C. § 1915(a)(3).  In support of this finding, the court **adopts and incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.21 (5th Cir. 1997). Based on the Report, the court finds

that any appeal of this action would present no legal point of arguable merit and would therefore be frivolous.  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

   **It is so ordered** this 6th day of February, 2015.


                                        Sam A. Lindsay
                                        United States District Judge