IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CARL E. SANDERS, #1932419,** | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:14-CV-2039-L** |
| **DALLAS COUNTY SHERIFF'S OFFICER MUSEFU ABISOYE,** | § | |
| Defendant. | § | |

# ORDER

The case was referred for screening to Magistrate Judge David L. Horan, who entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on March 11, 2016, recommending that the court grant Defendant's Motion for Summary Judgment (Doc. 41), filed November 18, 2015, and dismiss with prejudice Plaintiff Carl E. Sanders' ("Plaintiff") remaining excessive force claim against Defendant Dallas County Sheriff's Officer Musefu Abisoye ("Abisoye") as barred by qualified immunity and failure to exhaust administrative remedies. All other claims and Defendants were previously dismissed by separate order and judgment. No response to the summary judgment motion or objections to the Report were filed.

Plaintiff's failure to respond to the summary judgment motion does not permit the court to enter a "default" summary judgment. *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). A court, however, is permitted to accept the movant's facts as undisputed when no response or opposition is filed. *Id*. Normally, "[a] summary judgment nonmovant who does not respond to the motion is relegated to his unsworn pleadings, which do not constitute summary judgment evidence."

*Bookman v. Schubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)).  In this case, Plaintiff's pleadings are sworn, and the court may consider them, but it is unclear from the Report whether they were considered by the magistrate judge in addressing the qualified immunity issue.  The court, nevertheless, determines that the alternative basis for dismissal recommended by the magistrate judge, failure to exhaust administrative remedies, is correct.  Dismissal on this ground, however, must be without prejudice.

Thus, having reviewed the pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge regarding Plaintiff's failure to exhaust administrative remedies are correct, and **accepts** them as those of the court.  Accordingly, the court **grants** Defendant's Motion for Summary Judgment (Doc. 41) and **dismisses without prejudice** Plaintiff's remaining excessive force claim against Abisoye for failure to exhaust administrative remedies.

The court prospectively **certifies** that any appeal in this action regarding the matters set forth in this order would not be taken in good faith and **denies** a certificate of appealability.  *See* 28 U.S.C. § 1915(a)(3).  In support of this finding, the court **accepts and incorporates** by reference the Report.  *See Baugh v. Taylor*, 117 F.3d 197, 202 n.21 (5th Cir. 1997). Based on the Report, the court finds that any appeal of this action would present no legal point of arguable merit and would therefore be frivolous.  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

**It is so ordered** this 5th day of April, 2016.

Sam A. Lindsay
United States District Judge